Nash, J.
 

 Whatever may be the merits of the petitioners, they cannot in these proceedings obtain the relief, they seek, The petition was filed at the September
 
 *590
 
 Term 1849, of Caswell Court of Picas and Quarter Sessions; and set forth, that, at January Term 1849, of the Court, the defendant, Pass, as executor of Thomas Reid, dec’d, filed a petition against the petitioners, as next of kin with the testator of John Gamble, dec’d, for the purpose of selling a parcel of negroes belonging to the estate of John Gamble, in order to make a division among the next of kin : that a decree was made for the sale and distribution of the proceeds, and Thomas Pass, the present defendant, was appointed by the Court a commissioner for that purpose, who duly sold the negroes and paid over to the petitioners what, he alleged, was their proper shares, for which they gave him a receipt in full, dated in August 1849. The petitoners allege, that the receipt was written tobe in full by mistake and not so intended to be by them, as a considerable sum is still due them as next of kin of John Gamble. The prayer of the petition is, that the Court will “cause a copy of this petition, together with the State’s writ of Subpoena, to be issued and served on the said Thomas Pass, as
 
 commissioner aforesaid,
 
 and as executor of Thamas Reid, requiring him to appear,” &c., “and full, truc, and prefect answer make,” &c., “and also to account and pay to the petitioners the balance,” &c. The proceeding throughout is an original one in the County Court against Thomas Pass as an officer of the Court, and acting as their commissioner. What has be® come of the first suit, we are not informed. It may be still pending, or there may have been a report and final decree. Whichever maybe the case,it is evident the petitioners have mistaken their remedy. If the defendant-, Pass, has in his hands any money arising from that sale, which rightfully belongs to the petitioners, he holds it still as commissioner, and it is under the control of the Court and subject to such order as they may make. The proper course for the plaintiffs to have taken in the Court of law was tó move in that cause, either when the com
 
 *591
 
 missioner made his report, or by the necessary steps, to procure, a rehearing or review of such decree as may have been made. This proceeding cannot be sustained. So far as the setting aside the receipt complained of is involved, the County Court, as an original matter, has no jurisdiction, but as incidental to the discharge oí his duty by its commissioner, it has power both to hear and to grant redress. To a Court of Equity belongs the original jurisdiction in such matters.
 

 The decree made by his Honor below is affirmed, and the petition dismissed with costs.
 

 Per Curiam. Decree affirmed and petition dismissed.